STATE OF LOUISIANA v. CHARLES, (Colored).

An indictment charged that the defendant "did lie in wait and shoot with a dangerous weapon with intent to commit the crime of murder upon one," etc:

*Held:*—That this allegation is uncertain and indefinite, and subject to two meanings, and is not in language equivalent to the words of the statute upon which it is based.

APPEAL from the District Court of East Baton Rouge, *Posey,* J. *R. W. Knickerbocker,* District Attorney. *J. H. Cannon,* for appellant.

HYMAN, C. J. In this case the defendant was convicted by a jury, and sentenced by the District Judge to be punished with death.

Defendant has appealed.

The bill of indictment charges, that the defendant did lie in wait, and shoot with a dangerous weapon, with the intent to commit the crime of murder upon one Richard Odem, in the peace of the State of Louisiana, then and there being, contrary to the form of the statute of the State of Louisiana, in such case made and provided, in contempt of the authority of said State, and against the peace and dignity of the same.

The 7th section of the Act of the General Assembly of the State, entitled an Act relative to crimes and offences, approved March 14th, 1855, provides, "that if any person lying in wait, or in the preparation or attempt to perpetrate any arson, rape, robbery or burglary, shall shoot, stab or thrust any person with a dangerous weapon, with intent to commit the crime of murder, he shall, on conviction thereof, be punished with death."

The defendant contends in this Court, that the words in the bill of indictment, charging that the defendant did lie in wait and shoot with a dangerous weapon, with the intent to commit the crime of murder upon

Richard Odem, does not charge the defendant with shooting Odem, and therefore the count is insufficient for a conviction and sentence. The term shooting upon a person, is not exactly equivalent to shooting a person. It is subject to two meanings. It is evidently equivocal.

The shooting upon the earth does not necessarily convey the idea that the earth was shot, neither does the statement that there was shooting upon a man necessarily convey the idea that the man was shot.

From such terms you may either infer, that the man was shot, or that his body was used as a rest for shooting.

The charge in the bill of indictment being equivocal, and subject to two different interpretations, and not being in language equivalent to the word of statutes, the judgment of the District Court must be reversed.

It is decreed, that the judgment against the defendant be arrested, and the proceedings against him be set aside, the judgment of the District Court being reversed.